**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1903-24

DIANA ALLEGRETTI and
CATHERINE FAY,

     Plaintiffs-Appellants,

v.

THE TOWNSHIP OF WANTAGE,

     Defendant,

and

WANTAGE TOWNSHIP LAND
USE BOARD, MNL FARM LLC,
and CLOVE SPRING RANGE,
INC.,

     Defendants-Respondents.

_____

     Argued April 16, 2026 – Decided July 29, 2026

     Before Judges Marczyk, Bishop-Thompson and
     Puglisi.

     On appeal from the Superior Court of New Jersey, Law
     Division, Sussex County, Docket No. L-0126-24.

Peter D. Dickson argued the cause for appellants (Law Offices of Peter Dickson, attorneys; Peter D. Dickson, on the briefs).

David Burton Brady argued the cause for respondent Wantage Township Land Use Board (Brady & Correale LLP, attorneys; David Burton Brady, on the brief).

Thomas F. Collins, Jr. argued the cause for respondents MNL Farm LLC and Clove Spring Range, Inc. (Vogel Chait Collins & Schneider, attorneys; Thomas F. Collins, Jr., on the brief).

PER CURIAM

This land use dispute involves the operation of a shooting range and an ammunitions sales facility. Plaintiffs Diana Allegretti and Catherine Fay appeal from an order dismissing their complaint in lieu of prerogative writs. We affirm substantially for the reasons set forth in Judge Stuart Minkowitz's comprehensive and well-reasoned written opinion.

I.

We summarize the relevant facts from the record. In 1962, Ruth and Edwin N. McGlew, Jr. purchased an 89.5-acre property in the Township of Wantage, designated as a residence with farm status. The next year, Fox Ridge Range was established as a commercial gun range, using ten acres for trap and skeet shooting with five stations and featuring a clubhouse for the sale of gun accessories, apparel, stock, and custom firearms.

On November 30, 1963, the Township clerk certified there were "[n]o ordinances in force in the Township . . . prohibiting; restricting; regulating; or in any way pertaining specifically to the establishment, operation[,] or conduct of shooting ranges as such." A subsequent certification was issued on June 6, 1967, confirming there was no prohibition against the operation of a shooting range in the Township.

In 1979, the Township adopted a comprehensive ordinance, Ordinance #79-10, which requires the registration and certification of nonconforming uses. McGlew applied for registration of non-conforming use, certifying Fox Ridge Range had been continuously used as a rifle range on three acres since 1963, and as a shotgun skeet range on seven acres since 1967, with a clubhouse and trap and skeet houses. He acknowledged and understood that these identified uses were not in conformance with the zoning ordinance, and the owners could not expand the uses unless an application was first submitted and a variance was granted by the Wantage Township Land Use Board (Board). However, the record is silent as to whether the application was granted.

In September 1995, both the Township code enforcement officer and construction official confirmed Fox Ridge Range had been in operation since 1967 and was permitted to continue engaging in its business at that location,

A-1903-24

including the retail sale of firearms and ammunitions. On August 3, 1999, McGlew again registered and confirmed a shooting range was on the farm property. The top of the registration form noted "OK" and "Zoning Officer."

In July 2005, MNL Farm LLC (MNL), a limited liability company, purchased the property and also acquired the right, title, and interest in Fox Ridge Range. Shortly thereafter, Clove Spring Range was created to continue the operation of the shooting range on approximately twenty-nine acres of the property, with Fox Ridge Range registered as an alternate name. Masoud Altirs, the principal and controlling member and shareholder of MNL and Clove Spring Range, authorized the acquisition.

MNL filed three applications with the Board to construct additional structures. In October 2005, the Board issued Permit No. 2005-306, which approved trap, skeet, and rifle shooting ranges, and the sale of pro shop items at the property but noted "expansion or intensification [was] not permitted without Board approval." The permit also certified and acknowledged the property as a "valid non-conforming use [as of August 3, 1979]."

On September 29, 2015, another Township clerk certified Fox Range had been in operation since 1967 and was "permitted to continue doing business, including the retail sale of [f]irearms and [a]mmunition, at [its] present

4

location." MNL subsequently applied for a second permit to construct three storage sheds and an outdoor pavilion. In December 2015, the Township construction official approved MNL's second application and issued Permit No. 2015-4354 for the construction of three storage sheds and an outdoor open pavilion.

In April 2016, MNL filed a third application to expand the use of the clubhouse and to construct a new outdoor open-air pavilion for outdoor carts. The Township zoning official denied a permit for the outdoor pavilion, sheds, and sporting clay course.

MNL submitted a fourth application to construct a sixty-foot by forty-foot structure intended to house shooting clays, tractors, and hay in February 2020. In May 2020, the Board issued Permit No. 2020-4220 for the construction of a sixty-foot by forty-foot pole barn. In August 2020, the Township construction official issued a certificate of occupancy for the outdoor open-air pavilion, three storage sheds, and sporting clay course.

While the property is surrounded by woods and open space, it is located within the Township's residential zoning district. Residential properties are located adjacent to the gun range.

A-1903-24

Plaintiffs are neighboring property owners. Allegretti owns a 4.15-acre parcel across the valley from Clover Spring Range, and Fay owns a thirteen-acre parcel. In March 2023, plaintiffs and five other objectors filed a "motion to rescind [prior] approvals" with the Board. However, under section III Variances, applicants checked: "A" Administrative Appeal, "B" Interpretation, and Other: Rescission of prior approvals.

Two months later, the application was amended to include a request for "an interpretation that the expansions and intensifications of the commercial gun range operations in 2020 and 2022 were unlawful." Plaintiffs specifically sought interpretation of Permit No. 2005-306, which explicitly required Board approval for any expansion or intensification of the property.

The Board held hearings on October 17 and December 5, 2023, to consider the application. At the October hearing, the Board addressed two procedural issues. First, plaintiffs requested the Board issue a subpoena requiring MNL to produce a noise study conducted in 2022 or 2023. The Board declined this request, finding the noise study was not relevant to the challenge concerning the issuance of the prior permits.

The Board next addressed the notice provided for the October meeting and determined the published notice did not meet the requirements of the Municipal

6

Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -171. It renoticed the hearing for December to address the timing of the application and jurisdiction.

The issue of the timeliness of the application was addressed at the December hearing. The Board determined the application was properly considered as an appeal under N.J.S.A. 40:55D-70(a) rather than a request for interpretation under N.J.S.A. 40:55D-70(b). It concluded that the application was filed beyond the twenty-day deadline, and therefore, denied the appeal as the Board was without jurisdiction, relying on Sitkowski v. Zoning Board of Adjustment, 238 NJ Super. 255 (App. Div. 1990).

The Board noted that more than one of the applicants appeared before it in 2021 complaining about the noise from gunshots, alleging it was a nuisance to neighboring property owners. It explained plaintiffs waited more than two years after becoming aware of the alleged illegal expansion before filing their application in 2023, determining the delay was unreasonable and the applicant had no plausible rationale for the lengthy delay.

The Board's decision was memorialized in a resolution dated February 20, 2024, with notice published on March 7, 2024. It subsequently adopted a second, identical resolution on March 19, 2024, also memorializing the December action, with notice published on March 24, 2024.

On March 8, 2024, plaintiffs filed a complaint in lieu of prerogative writs and an amended complaint, challenging the Board's action as arbitrary, capricious, and unreasonable. They sought to vacate the Board resolutions denying their request for an appeal, or in the alternative, an interpretation of the ordinance under N.J.S.A. 40:55D-72(a). Plaintiffs also sought a preliminary and final injunction prohibiting the operation of the gun range, retail shop and events venue until a use variance and other permits were granted. The Board filed an answer and separate defenses.

Thereafter, plaintiffs moved for a preliminary injunction to enjoin the operation, expansion, and intensification of Clove Spring Range from 2015 to 2016, and 2020. The judge denied the motion, finding plaintiffs did not satisfy the standard articulated in Crowe v. DeGoia, 90 N.J. 126, 132-34 (1982) to warrant emergent relief. Plaintiffs' motion for reconsideration was denied.

Following argument in a February 4, 2025 order accompanied by a cogent statement of reasons, Judge Minkowitz entered a judgment in favor of defendants. After conducting a thorough review of the record, the judge found plaintiffs appeal was time-barred pursuant to Sitkowski. He further determined "plaintiff[s] . . . fail[ed] to proffer any evidence in the record of fraud, indicating that the issued permits were 'utterly void' such that challenge via a prerogative

[was] warranted." The judge explained plaintiffs were not denied due process because their application exceeded the twenty-day statutory period and was time-barred. In addition, the December hearing date was "solely to determine the Board's lawful jurisdiction"; as such, testimony was not required.

Relying on governing law, the judge determined plaintiffs had the burden to prove the existence of a pre-existing nonconforming use. He further determined MNL and Clove Spring Range produced ample evidence—four certifications from the Township—establishing the lawful use of the range since 1963.

## II.

On appeal, plaintiffs raise the following arguments for our consideration:

POINT I. The Trial Court Ignored [o]r Misapplied [t]he Settled Law Disfavoring Nonconforming Uses.

A. The Trial Court Opinion Ignored [a]nd Failed [t]o Apply [t]he Long-standing [a]nd Settled Law That Nonconforming Uses [a]re Disfavored [a]nd [t]o Be Reduced [t]o Conforming Status [a]s Soon [a]s Practicable.

B. The Trial Court Erroneously Ruled That Objectors [a]nd Plaintiffs Have [t]he Burden [o]f Proof.

C. The Trial Court Opinion Ignored That [a] Person Claiming Nonconforming Use Privilege Must Prove

That It Previously Was [a]n Expressly Permitted Use.

POINT II. The Trial Court Opinion Ignored [t]he Settled [a]nd Consistent Law That [a] Permit Issued [i]n Violation [o]f [a] Zoning Ordinance [i]s Void Ab Initio, Can Be Challenged [a]t Any Time [a]nd Confers No Rights [o]n [t]he Permit Holder.

POINT III. The Commercial Gun Range Has Not Met [i]ts Burden [o]f Proof That [i]t Was Ever [a] Permitted Use: 1963-1968.

POINT IV. The Commercial Gun Range Has Not Met [i]ts Burden [o]f Proof That [i]t Was Ever [a] Permitted Use: 1968-1979.

POINT V. The Trial Court Never Considered That [t]he Commercial Gun Range Was Conclusively Abandoned [f]rom 2005 [t]o 2015.

POINT VI. There [i]s No Valid Certification [o]f Nonconforming Use [f]or [a] Commercial Gun Range, But There Are Two Admonitions [i]n Writing That No Expansion [i]s Permitted Without [a] Variance.

POINT VII. MNL Farm Unlawfully Expanded [a]nd Intensified [t]he Operation [o]f [a] Commercial Gun Range [i]n 2015-16 [a]nd Again [i]n 2020, [a]nd No Jurisdictional Notice Was Given.

POINT VIII. The Land Use Board [a]nd [t]he Trial Court Erroneously Prohibited Objectors [f]rom Offering Evidence [t]o Rebut [t]he [Board's] Conclusion That Their Applications Were "Untimely."

POINT IX. The Court Should Enjoin [t]he Operations [o]f [t]he Commercial Gun Range Unless [a]nd Until

A-1903-24

[a] Use Variance [a]nd Other Permissions Are Obtained.

"When reviewing a trial court's decision regarding the validity of a local board's determination, 'we are bound by the same standards as . . . the trial court.'" Jacoby v. Zoning Bd. of Adj., 442 N.J. Super. 450, 462 (App. Div. 2015) (quoting Fallone Props., L.L.C. v. Bethlehem Twp. Plan. Bd., 369 N.J. Super. 552, 562 (App. Div. 2004)). "We have long recognized that zoning boards, 'because of their peculiar knowledge of local conditions[,] must be allowed wide latitude in the exercise of delegated discretion.'" Price v. Himeji, LLC, 214 N.J. 263, 284 (2013) (alteration in original) (quoting Kramer v. Bd. of Adj., 45 N.J. 268, 296 (1965)). However, we review de novo a board's conclusions of law. Wyzykowski v. Rizas, 132 N.J. 509, 518 (1993). Thus, we exercise plenary review of a board's interpretation of the MLUL. See Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011).

"We give deference to the actions and factual findings of local boards." Jacoby, 442 N.J. Super. at 462. "A board's decision 'is presumptively valid, and is reversible only if arbitrary, capricious, and unreasonable.'" Smart SMR of N.Y., Inc. v. Borough of Fair Lawn Bd. of Adj., 152 N.J. 309, 327 (1998) (quoting Sica v. Bd. of Adj., 127 N.J. 152, 166-67 (1992)); see also Kane Props., LLC v. City of Hoboken, 214 N.J. 199, 229 (2013). "We do not review the

11

wisdom of [a planning board's] decision, rather . . . we merely 'determine whether the board could reasonably have reached its decision.'" Pullen v. Twp. of S. Plainfield Plan. Bd., 291 N.J. Super. 1, 6-7 (App. Div. 1996) (quoting Davis Enters. v. Karpf, 105 N.J. 476, 485 (1987)). "Accordingly, we will not disturb a board's decision unless we find a clear abuse of discretion." Cell S. of N.J., Inc. v. Zoning Bd. of Adj., 172 N.J. 75, 82 (2002).

The threshold issue in our inquiry is the timeliness of plaintiffs' appeal to the Board. Plaintiffs argue their delay in seeking to halt the gun range is "utterly irrelevant," asserting the permits were issued in "blatant violation of the zoning ordinance and without jurisdictional notice." They further contend the Board's preclusion of any testimony at the December 2023 hearing rendered its decision arbitrary, capricious, and unreasonable. Plaintiffs' argument that both the Board and the court committed a fundamental error in concluding their application was untimely is without merit.

The Legislature has delegated the power to regulate local land use to municipalities via the MLUL. Dunbar Homes, Inc. v. Zoning Bd. of Adj., 233 N.J. 546, 561 (2018). Under N.J.S.A. 40:55D-70(a), the Board may "[h]ear and decide appeals where it is alleged by the appellant that there is error in any . . .

A-1903-24

decision or refusal made by an administrative officer based on or made in the enforcement of the zoning ordinance."

As interested parties, plaintiffs had twenty days from the issuance of the permits in 2015, 2016, and 2020 to appeal to the Board under N.J.S.A. 40:55D-72(a). This twenty-day period began to run from the date they knew or should have known of each permit's issuance. Harz v. Borough of Spring Lake, 234 N.J. 317, 322 (2018) (quoting Trenkamp v. Twp. of Burlington, 170 N.J. Super. 251, 268 (Law Div. 1979)). Plaintiffs did not file a timely appeal; instead, their only action was to voice a complaint regarding noise at a Board meeting in 2021. Absent from the record is a plausible explanation for the delay, particularly following the issuance of the 2020 permit for the pole barn. Based on our review, we conclude the judge did not err in determining plaintiffs' appeal was time-barred.

We next address plaintiffs' contention both the Board and the trial judge misread and misapplied Sitkowski. They maintain their request for an interpretation pursuant to N.J.S.A. 40:55-70(b) is not subject to the twenty-day time limitation. We are not persuaded.

Under N.J.S.A. 40:55-70(b), the Board may "[h]ear and decide requests for interpretation of the zoning . . . ordinance." In Sitkowski, we did not decide

13

whether a request for an interpretation may be made at any time by an interested party. 238 N.J. Super. at 260. However, we explained, "[t]o permit an interested party to challenge the issuance of a building permit by denominating his appeal as a request for an interpretation would render nugatory the time constraint provided by N.J.S.A. 40:55D-72(a)." Ibid.

As in Sitkowski, plaintiffs in this case challenge the issuance of the three permits and seek their reversal. Plaintiffs' request for an interpretation is, in reality, a thinly-veiled attempt to circumvent the filing deadline established by the MLUL. We are satisfied both the Board and the judge properly determined plaintiffs' challenge to the issuance of the permits constituted an appeal brought beyond the timeframe prescribed by N.J.S.A. 40:55D-72(a).

Even if we were to interpret plaintiffs' challenge as a collateral attack on the Township's zoning ordinance, that challenge would be fatally defective. The record established that no zoning ordinance was in effect from 1963 to 1979, and there was no prohibition on the operation of the gun range, as evidenced by the Township certifications from 1963 and 1967. After the adoption of the comprehensive ordinance, the Township confirmed the gun range was a permitted use as of August 3, 1979, and again in 1995. The judge's decision that a complaint in lieu of prerogative writs was not warranted, as there was no

14

evidence of fraud, was supported by substantial credible evidence in the record. We have no cause to disturb the judge's ruling.

To the extent we have not specifically addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1903-24